### HOLLINGSWORTH v. SOUTHERN RY.

RAILROADS—PASSENGERS—NEGLIGENCE.—Passenger was sick, but made no complaint except to lean her head on her hand; brakeman called out station twice while train was in rapid motion; not knowing what she was doing, passenger went from seat to door while train was running, brakeman standing aside to let her pass; she stepped off car in motion in dark and was injured; *held,* no negligence on part of railroad.

Before TOWNSEND, J., Anderson, June, 1904. Affirmed.

Action by Margaret E. Hollingsworth against Southern Railway. From order of nonsuit, plaintiff appeals.

*Messrs. Breazeale & Rucker,* for appellant, cite: *There being evidence of negligence, nonsuit was improper:* 25 S. C., 53; 41 S. C., 415, 440; 62 S. C., 130.

*Mr. T. P. Cothran,* contra.

July 10, 1905. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The plaintiff seeks to recover damages for personal injuries received in stepping or falling from defendant's train while a passenger from Piedmont to Pelzer. The appeal is from an order of nonsuit. The facts bearing on the issue were: The plaintiff was sick on the train, but made no complaint and gave no manifestation of her indisposition beyond leaning her head on her hand. When the train was approaching Pelzer the brakeman called out that station twice, whereupon the plaintiff arose, and without knowing what she was doing, undertook to leave the train while it was still in rapid motion, meeting the brakeman on her way to the door, who stood aside for her to pass. In thus leaving the car she was thrown violently to the ground and injured.

The negligence charged is, (1) that the brakeman, by calling out the station and standing aside, invited the plaintiff to get off while the car was in motion, and (2) that the defendant should have known plaintiff's physical condition and taken special precautions for her safety. It need hardly be said that a brakeman's call of a station before a train stops is understood by all to mean that the train is about to stop at the station called, and is not an invitation to leave the train before the stop has been made. There was nothing whatever to indicate to the brakeman that the plaintiff was not in her senses and approaching the door in order to be ready to get off the instant the stop was actually made. This practice is an everyday fact and gives no indication of anything more than the usual and almost universal impatience to get off the car.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.